DEES *v.* FREEMAN *et al.*

On the facts alleged in the petition, a cause of action was set forth, and the court erred in dismissing the case on demurrer.

July 13, 1891.                         *Judgment reversed.*

Administrators. Fraud. Before Judge JENKINS. Wilkinson superior court. April adjourned term, 1890.

Petition for equitable relief, by Dees against Lord, Hall, Freeman and Duggan, alleging as follows: He attained his majority in 1888, and is the only son of Joel Dees, who died intestate on the 30th of September, 1871, leaving petitioner, his mother Nancy Dees, and his sisters Lizzie Dees and Mrs. Fleetwood, his heirs at law. He then owned and possessed a large estate worth $40,000 or other large sum, consisting in lands, personalty, notes, choses in action, money, etc. His widow, Nancy Dees, took for herself and petitioner a homestead in 450 acres of land in Wilkinson county. On October 5th, 1871, the court of ordinary of that county appointed defendants Freeman and Duggan temporary administrators, and at the December term of that court they were appointed and qualified as permanent administrators on said estate, and as such took possession of the whole estate of their intestate, whose debts were few and not exceeding $5,000. Yet the administrators, having only to deal with women who were unused to business, and petitioner who was then a child of few years, conspired to convert a large part or the whole of said estate to their personal profit; and though the personal property, money and choses in action were nearly sufficient to pay all the debts of the intestate, and there was no necessity

to sell more than a small part (if any) of the real estate, yet they began systematically to mismanage said estate so as to render an excuse to get an order to sell the whole, so that they and their confederates (the other defendants) might become the purchasers thereof at a mere song.   They failed and refused to collect the choses in action due their intestate, and when collected, failed and refused to pay the same on the debts, allowed judgment to be obtained against them on fictitious claims, and especially allowed fictitious titles to be set up to certain of the property of their intestate, including a lot in Wilkinson county, which is well worth $3,000 and which they allowed to be recovered through their fraud, negligence and failure to properly defend the suit; all of which misfeasance renders them liable to petitioner. This misfeasance was in pursuance of the conspiracy to bring the lands to sale; and at the October term, 1872, they applied to the ordinary for leave to sell all of the lands of their intestate, without setting out where said lands were situate or of what they consisted, and at the same term obtained an order of sale.   For the above reasons said order was void, and no title passed thereunder.    Thereafter defendants Lord and Hall represented to the mother and sisters of petitioner that unless they sold their interest in the estate to some person who could cope with the administrators, they would be defrauded out of their whole interest.   Lord was a relative, and he and Hall were near neighbors and the chief advisers, the persons on whom his mother and sisters chiefly relied to advise them in all business affairs; and they having implicit confidence in them, in January, 1875, being frightened by said representations, commissioned them to obtain a purchaser.   In a few days they returned and reported that they could find no one to buy, on account of the manner in which the administrators had systematically confused matters of said estate

so as to prevent purchasers from knowing its affairs and
condition, but that they would become the purchasers
of the interest of all the heirs at $5,400, which they
admitted was much less than its true value, but owing
to the way the administrators had complicated it, was
all they could offer.   His relatives, being much alarmed
by their representations, agreed to sell them then and
there all the claim in and to all the estate, except the
homestead, at said price.   At the same time, January
18th, 1875, said defendants, in pursuance of said con-
spiracy, procured Nancy Dees, who claimed to be act-
ing as petitioner's natural guardian, to make to them
a private bargain and sale of all his interest in said
estate of his father, at the price of $1,800, though this
interest was well worth $20,000.   Immediately after-
wards, Lord and Hall had the administrators to make
a public sale of the estate, so as to convey the legal
title in them; said sale being fraudulent, and its sole
purpose being to carry out said private sale.   The prop-
erty sold and bid in by Lord and Hall or their agents
for the sum of $5,200 was well worth $20,000, "and
consisted of the following lands, to wit: No. 222, 223,
224, 225, 228, 199, 125 acres of lot no. 229, 28 acres of
no. 251 in 3d district of Wilkinson county.   No. 251,
278, 279, 101 acres of no. 248 in 2nd district of said
county.   No. 287 and 147 acres of no. 294 in 2nd
district of originally Wilkinson, now Laurens co., 25
acres no. 6, 5th dist. of Pulaski co.   40 acres no. 647 of
1st dist. 3 sec. 40 acres no. 216, 7th dist. 2 sec., 40 acres
no. 284, 26 dist. 3rd sec., 10 acres no. 153, 11th dist. 1
sec. 10 acres no. 251, 3rd dist. 4 sec., in originally Chero-
kee co."   Though these lands were so bid in by Lord
and Hall and titles were made to them, yet the same or
the proceeds thereof were divided between all of said
defendants.   The remainder of said lands, consisting of
about 1,000 acres and some town lots, of the value of

$5,000, were sold to other persons unknown for about $1,000 to cover up their fraud. The administrators also turned over to Hall and Lord all the personalty, choses in action, money, etc., worth about $10,000. All this was done to so cover up the property that, when petitioner came of age, he would not be able to discover the fraudulent dealings and obtain his rights. Shortly after said transaction, the administrators, representing that they fully administered said [estate], procured letters of dismission from their trust. All of said defendants had been in the continuous enjoyment of said property or its proceeds; and they are still in possession of a large part of said lands, which are worth $3,000 per annum as rent. All said transactions, for reasons as aforesaid, were fraudulent and voidable. Waiving discovery, the petitioner prays that he may have a verdict and decree setting aside all of said sales and the titles thereunder; that he may recover from defendants one fourth of all the lands that are still in their possession or have not been sold to *bona fide* purchasers, and the rents or profits thereon from the time defendants have had them; that he may recover his interest in the proceeds of those sold off, with interest on the sums received and the profit thereon while enjoyed by defendants; that defendants be required to account for all the notes, moneys, choses in action and personal property belonging to the estate of Joel Dees that went or ought to have gone into their hands as administrators, and all moneys, choses in action and property said administrators turned over to the other defendants; and that he may have verdict, judgment and decree against said defendants for all of said sums with interest thereon; and for general relief.

The case was dismissed on demurrer, the grounds of which were: (1) no equity; (2) full administration and discharge of the administrators; (3) representation of

plaintiff by his guardian; (4) no special description of the land sought to be recovered; and (5) no jurisdiction, because part of the lands named lie out of Wilkinson county.

HARDEMAN & DAVIS and WHITFIELD & ALLEN, for plaintiff.

J. H. HALL, for defendants.